This case involves a dispute between Edward Wood, a deacon at the Seventeenth Street Missionary Baptist Church in Anniston ("the church"), and his pastor, Nimrod Q. Reynolds. We regret that we have been called upon to decide this dispute and are disappointed that the parties did not settle their differences in mediation.
In 2003, Deacon Wood filed a complaint in which he alleged that Pastor Reynolds had defamed him during a sermon in January of that year. The case was tried without a jury in 2006. The trial court found that Pastor Reynolds had in fact made defamatory statements about Deacon Wood and awarded $10,000 in damages. Pastor Reynolds filed a timely notice of appeal to this court. Upon reviewing the record, we find that this case requires us to decide matters with which our courts must not interfere.
"Truth is an absolute defense to a defamation claim." S.B.v. Saint James School 959 So.2d 72, 100 (Ala. 2006). Pastor Reynolds has asserted the truth of his statements as a defense to Deacon Wood's claim. The record shows that in order to determine the truth or falsity of the statements in Pastor Reynolds's sermon, we must decide whether Deacon Wood violated the church's rules that govern his conduct as a deacon and whether he conformed to the moral standards of the Christian faith and of the church's denomination. Our courts are prohibited from deciding such matters. *Page 1060 
"The First Amendment [to the United States Constitution] prohibits a court from resolving disputes on the basis of religious practice or doctrine. Presbyterian Church v. MaryElizabeth Blue Hull Mem'l Presbyterian Church,393 U.S. 440, 449, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969)." Murphy v.Green, 794 So.2d 325, 330 (Ala. 2000). Our supreme court has confirmed this principle of noninterference in religious matters, stating: "Courts are constrained by the First Amendment of the United States Constitution from `intrud[ing] into a religious organization's determination of . . . ecclesiastical matters such as theological doctrine, church discipline, orthe conformity of members to standards of faith andmorality."' Lott v. Eastern Shore Christian Ctr.,908 So.2d 922, 928 (Ala. 2005) (quoting Singh v. Singh,m Cal.App.4th 1264, 1275, 9 Cal. Rptr.3d 4, 12
(2004)) (emphasis omitted; emphasis added).[1]
Although this action has been brought against Pastor Reynolds personally, and not against the church, the matters prohibited from our consideration as stated in Lott are precisely what we are called upon to decide in determining whether Pastor Reynolds has asserted a valid defense. The statements at issue in this case were made by a pastor during a sermon and addressed the conformity of a deacon to the church's standards of faith and morality. Our courts may not decide the truth or falsity of such statements and, therefore, may not entertain claims pertaining to those issues. Furthermore, as a matter of policy, we have strong reservations about restricting the religious speech of a pastor from his pulpit.
We recognize the harshness of our decision from Deacon Wood's perspective and the enormity of the freedom and responsibility our decision places on pastors with respect to their speech. However, Deacon Wood may seek recourse through the governing boards and disciplinary processes established by the church for the oversight of its pastor, and Pastor Reynolds may be held accountable through those same processes.
Based on the foregoing, we reverse the trial court's judgment and remand the cause with instructions to the trial court to enter a judgment dismissing the action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMAS, J., concurs.
PITTMAN, BRYAN, and MOORE, JJ., concur in the result, without writing.
[1] "[T]he courts still have jurisdiction to decide cases concerning questions of civil or property rights,"Murphy, 794 So.2d at 330, and "our courts have decided whether a church had acted in accordance with its established procedures." Lott, 908 So.2d at 928(emphasis omitted). However, none of these exceptions apply to Deacon Wood's claim of defamation.